UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2940 PA (GJSx) | Date | September 7, 2022 |
|---|---|---|---|
| Title | Screen Actors Guild - American Federation of Television and Radio Artists v. Zone V Productions, Ltd. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS — COURT ORDER**

Petitioner Screen Actors Guild - American Federation of Television and Radio Artists ("Petitioner") filed a Motion for Order Confirming Arbitration Award and for Entry of Judgment in Conformity Therewith ("Motion") on May 3, 2022. Petitioner filed a Proof of Service on May 4, 2022, indicating that it had served Zone V Productions, Ltd. ("Respondent") with the Motion, and other related documents, on May 4, 2022. On August 24, 2022, the Court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution. In its Order, which required Petitioner to respond by September 3, 2022, the Court warned that the "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." To date, and despite the expiration of time, Petitioner has failed to respond to the Court's August 24, 2022 Order.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2940 PA (GJSx) | Date | September 7, 2022 |
|---|---|---|---|
| Title | Screen Actors Guild - American Federation of Television and Radio Artists v. Zone V Productions, Ltd. | | |

dismissal warrant special focus on the fifth Henderson factor.  Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action.  In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").  The third Henderson factor at least marginally favors dismissal because Respondent may be further prejudiced unless the action is dismissed.  See Yourish, 191 F.3d at 991.  Finally, in considering the fourth and fifth Henderson factors, the Court notes that Petitioner was warned about the consequences of failing to file an adequate response by the deadline stated in the Court's Order.  Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Petitioner has failed to comply with the Court's Order.  The Court therefore dismisses this action without prejudice for failure to comply with a Court order.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.